**SO ORDERED.**

**SIGNED this 29 day of May, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WILMINGTON DIVISION

**IN RE:**

**BRYAN OMAR BERNARD,**

        Debtor.                        Case No. 07-00784-8-JRL
                                                                                      Chapter 13

_____

## ORDER

The matters before the court are the objection to confirmation and objection to the debtor's claim of exemptions filed by Blanton Building Supplies of Little River, Inc. d/b/a Blanton Building Supplies ("Blanton"). On May 16, 2007, the court conducted a hearing on these matters in Wilmington, North Carolina.

On November 21, 2005, the debtor entered a Credit Agreement with Blanton for the furnishing of equipment and materials to the debtor's residence. Specifically, the Credit Agreement states that "[a]ny balance not received by the 26th of the month following the date of purchase will be subject to 2% per month (24% per annum) finance charge and suspension of credit privileges." In addition, the Credit Agreement states:

> As inducement to extend credit at the undersigned's request, the undersigned hereby absolutely and unconditionally guarantees, upon demand, the payment to Blanton

>Supplies Inc., or Blanton Supplies of Little River, Inc., its successors and assigns any and all present and future indebtedness incurred by or for the debtor(s), including all costs, expenses and attorney's fees at any time incurred in endeavoring to collect the same.

On August 21, 2006, Blanton recorded a claim of lien against the debtor's residence located at 3307 Belt Road, Castle Hayne, North Carolina. The claim of lien in the amount of $18,973.39 was for equipment and materials provided from April 20, 2006 through June 19, 2006. On October 9, 2006, Blanton filed a complaint in New Hanover County Superior Court to enforce its claim of lien. On March 2, 2007, the debtor filed for relief under Chapter 13. Blanton timely filed a proof of claim in the amount of $25,591.48, which includes interest and attorney's fees. The debtor did not file an objection to Blanton's proof of claim.

Blanton objects to confirmation of the Chapter 13 plan, asserting that the plan fails to classify Blanton's claim as secured, fails to provide full payment on the secured claim pursuant to § 1325(a)(5), and fails to provide payment of Blanton's attorney's fees pursuant to §§ 506(b) and 1322(b). At the hearing, the debtor argued that N.C. Gen. Stat. § 44A-13(b) only allows for a judgment for the principal amount stated in the claim of lien.

Specifically, the statute states: "A judgment enforcing a lien under this Article may be entered for the principal amount shown to be due, not exceeding the principal amount stated in the claim of lien enforced thereby. The judgment shall direct a sale of the real property subject to the lien thereby enforced." N.C. Gen. Stat. § 44A-13(b). The debtor provided no case law in support of his interpretation. In interpreting the language of N.C. Gen. Stat. § 44A-13(b), the North Carolina Court of Appeals has stated that "[t]he plain meaning of the term 'principal amount' is that amount of debt owed exclusive of interest and attorney's fees." Paving Equip. of the Carolinas, Inc. v. Waters, 122 N.C. App. 502, 503, 470 S.E.2d 546, 547 (1996). "If, however, there is an agreement

between the parties with regard to interest, that interest due pursuant to the agreement will be included as part of the principal." Id. Here, the Credit Agreement expressly states that amounts past due are subject to interest at the rate of 24% per annum. Thus, the interest of 24% per annum may be included as part of the principal.

The North Carolina Court of Appeals has determined that the principal amount under N.C. Gen. Stat. § 44A-13(b) does not include attorney's fees. Id. Nevertheless, Blanton asserts that, because it is an oversecured creditor in the bankruptcy case, Blanton is entitled to both attorney's fees and interest pursuant 11 U.S.C. § 506(b). Specifically, § 506(b) states:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or Statute statute under which such claim arose.

11 U.S.C. § 506(b). At the hearing, the debtor referred to Blanton as a "totally oversecured creditor" and stated "there's just plenty of equity here." Thus, there appears to be no dispute that the creditor is oversecured. Pursuant to § 506(b), Blanton, as a holder of such oversecured claim, is entitled to "reasonable fees, costs, or charges provided for under the agreement . . . . " The Credit Agreement provides for the recovery of "all costs, expenses and attorney's fees at any time incurred in endeavoring to collect the [debt]." The court finds that Blanton is entitled to its claimed attorney's fees, pursuant to § 506(b), in addition to interest.

The court sustains Blanton's objection to confirmation. The plan shall provide for full payment of Blanton's claim with interest accruing at 24% until the date of confirmation and thereafter accruing at 10.25%. Blanton also objected to the debtor's claim of exemptions, citing to North Carolina exemption law, which states that "[t]he exemptions provided in this Article are

inapplicable to claims: [f]or statutory liens, on the specific property affected, other than judicial liens." N.C. Gen. Stat. § 1C-1601(e)(8). The court finds that the objection to the debtor's claim of exemptions is mooted by the fully secured treatment of Blanton's claim under the plan. If the plan is successful, then Blanton will be fully paid. If the case is dismissed for noncompliance with the plan, then Blanton may enforce its lien under state law.

END OF DOCUMENT